# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

IN Re: DAVID CRUMBY　　　　　　　　　　　　　　　　　　　　　　　NO. 3:09MC048-A-A

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Crumby, an inmate in the custody of the Bureau of Prison ("BOP") and currently housed in the Fairton New Jersey facility, filed this *Bivens* complaint on April 17, 2009. *See Bivens v. Six Unknown Names Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). In his pleadings, Crumby complains about his housing assignment and custodial classification. Crumby is asking for a copy of a 1992 grand jury testimony in order to prove to the BOP that he provided testimony against an inmate gang member. Crumby contends that without proof of the testimony, the BOP cannot verify potential safety issues that may arise if he is housed with any gang member. In other words, without the transcript of the grand jury testimony, Crumby cannot demonstrate to the BOP that his life may be at risk if housed with gang members.

## Discussion

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (citing 28 U.S.C. § 2254(a) (1982)); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Crumby's insistence, the constitution has not been implicated by the facts of this case. Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976);

*Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted). The Plaintiff, therefore, may not challenge his custodial classification or housing assignment with a civil action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, the Plaintiff has failed to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The *Bivens* complaint may be read as though Crumby is merely asking for the disclosure of grand jury transcripts. Rule 6(e) of the Federal Rules of Criminal Procedure govern the disclosure of grand jury proceedings. "The proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings." *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993). The party seeking disclosure must show a "particularized need" for "the materials that outweighs the policy of secrecy." *Id.* at 59; *Posey v. United States*, 416 F.2d 545 (5th Cir. 1969). To meet this burden, the party seeking disclosure must demonstrate that (1) the material is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is limited to cover only that material needed. *Miramontez*, 995 F.2d at 59.

Crumbly has not met this burden. He has failed to demonstrate a particularized need for disclosure of the grand jury transcript. To reinforce that disclosure is not warranted here, the court has been informed that the BOP has no knowledge of any danger to Crumby. Contrary to Crumby's allegations, there is no record that he has conveyed these perceived safety concerns to the BOP. Furthermore, the BOP has not requested any information regarding Crumby's grand jury testimony. For these reasons, the request shall be denied.

## Conclusion

The Plaintiff has failed to state a claim upon which relief may be granted. The complaint shall be dismissed with prejudice in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009).

A final judgment in accordance with this opinion will be entered.

THIS the 10th day of August, 2010.

/s/ Sharion Aycock
SHARION AYCOCK
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI